UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. BELCHER, SR., | Case No. 2:24-cv-0976-DAD-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION TO COMPEL |
| ROB BONTA, *et al.*, | **FINDINGS AND RECOMMENDATIONS** |
| Defendants. | THAT DEFENDANTS' MOTIONS TO DISMISS BE GRANTED AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| | ECF Nos. 8, 11, 22, & 28 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, proceeding without counsel, commenced this action against defendants Rob Bonta, the California Attorney General; Sebastian Brady, Deputy Attorney General; Laurie M. Earl, Presiding Justice of the California Court of Appeal, Third Appellate District; and Jennifer Rockwell, Judge of the Superior Court of California, County of Sacramento. Plaintiff alleges that defendants violated his constitutional rights because he did not receive a hearing and risk assessment prior to being required to register as a Tier 3 sex offender under California law. Defendants move to dismiss for both lack of jurisdiction and failure to state a claim. ECF Nos. 8 & 11. Also pending are plaintiff's motions for summary judgment and to compel discovery.

ECF Nos. 22 & 28.  I will deny plaintiff's motion to compel and recommend that defendants' motions to dismiss be granted and plaintiff's motion for summary judgment be denied.

**I.      Background**

In 1991, plaintiff was convicted of violating California Penal Code § 288(c)(1), which required plaintiff to register as a sex offender for life. ECF No. 11 at 4.  On October 31, 2022, plaintiff filed a petition for writ of mandate and complaint for declaratory and injunctive relief in California state court, asserting that the California Department of Justice ("DOJ") must conduct a hearing and risk assessment before requiring plaintiff to register as a Tier 3 sex offender under California Penal Code § 290.03. *Id.*; ECF No. 8 at 8.  Defendants Bonta and Brady represented the state in answering the petition, arguing that a hearing and risk assessment were not required. *Id.*

Defendant Rockwell presided over plaintiff's petition and complaint in the state trial court.  On May 23, 2023, Rockwell entered a final judgment finding that the DOJ did not owe plaintiff a duty to conduct a hearing or risk assessment. ECF No. 11 at 4.  On August 25, 2023, plaintiff filed a notice of appeal.  After informing plaintiff that the appeal was untimely and receiving plaintiff's response, defendant Earl, who presided over the appeal proceedings, dismissed the appeal as untimely. *Id.*  Plaintiff petitioned for rehearing, which was denied on September 25, 2023. *Id.*

Plaintiff now brings this action against the two DOJ representatives and two judicial officers associated with the state civil action, alleging violations of his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights.  Plaintiff seeks the relief of "fixing the unfair conviction" and "[m]onetary compensation of $1,475,000.00." ECF No. 1 at 16.  Defendants have moved to dismiss plaintiff's claims. *See* ECF Nos. 8 & 11.[1]  Plaintiff has also filed a motion

---

[1] The judicial defendants separately request judicial notice of various documents filed in the underlying state trial court and appellate proceedings, including rulings by the Sacramento County Superior Court and California Court of Appeal. *See* ECF No. 12.  Pursuant to Federal Rule of Evidence 201, the court is authorized to take judicial notice of filings and rulings relating to the underlying state court litigation. *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking notice of court "orders and proceedings"); *Burbank-Glendale-Pasadena Airport*

1  for summary judgment, a supplemental brief to that motion, and a motion to compel discovery.
2  ECF Nos. 22, 26, & 28.

3  **II.     Legal Standard**

4        A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ.
5  P. 12(b)(1).  A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual.  *Safe*
6  *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the
7  moving party asserts that the allegations in the complaint are "insufficient on their face" to
8  establish federal jurisdiction.  *Id*.  "Whether subject matter jurisdiction exists therefore does not
9  depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."  *Wolfe*
10 *v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In evaluating such a claim, the court accepts the
11 allegations as true, and the plaintiff need not present evidence outside the pleadings.  *Id*.

12       In a factual challenge, the moving party "disputes the truth of the allegations that, by
13 themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "When
14 challenged on allegations of jurisdictional facts, the parties must support their allegations by
15 competent proof."  *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  The court does not simply
16 accept the allegations in the complaint as true.  *Safe Air*, 373 F.3d at 1039.  Instead, it makes
17 findings of fact, resolving any material factual disputes by independently evaluating the evidence.
18 *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

19       A complaint may be dismissed for "failure to state a claim upon which relief may be
20 granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a
21 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*
22 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff
23 pleads factual content that allows the court to draw the reasonable inference that the defendant is
24 liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,
25 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it

26

27 ─────────────────

28 *Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of documents filed in the California Superior Court).  Accordingly, I grant the request.

requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**III.    Discussion**

Defendants argue that all of plaintiff's claims should be dismissed for lack of jurisdiction because defendants are entitled to immunity under the Eleventh Amendment, and because the *Rooker-Feldman* doctrine bars the complaint. ECF Nos. 8 & 11. Defendants Earl and Rockwell further argue that the claims against them are barred by absolute judicial immunity. ECF No. 11. All four defendants assert that plaintiff has failed to sufficiently allege a cause of action for civil rights violations or conspiracy. ECF Nos. 8 & 11.

As a preliminary matter, plaintiff's claims against defendants are barred by the Eleventh Amendment and on immunity grounds. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). This jurisdictional bar "extends not just to suits in which the state itself is named a party but also to those against an 'arm of the state.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *see Seven Up Pete Venture*, 523 F.3d at 952 ("Generally speaking, a suit [brought] against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal quotations omitted).

Here, plaintiff complains of adverse rulings issued in his state court matter, finding that he was not entitled to a hearing and risk assessment conducted by the California DOJ before being required to register as a Tier 3 sex offender under California law. *See, e.g.*, ECF No. 21 at 10 ("Attorney General's failure to conduct the risk assessment has directly impacted the plaintiff's liberty interests."); ECF No. 1 at 10 ("[T]he ruling violates multiple Constitutional amendments."). Plaintiff has sued each of the defendants in an official capacity, ECF No. 1 at 2-3, implicating the state of California itself.

However, section 1983 did not abrogate the states' sovereign immunity under the Eleventh Amendment, and California has not consented to suit for section 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, the Eleventh Amendment bars plaintiff's official capacity claims against all four defendants. *Williams v. People of Cal.*, 2017 WL 3275968, *2 (C.D. Cal. June 12, 2017) (holding that the Los Angeles County Superior Court and Judicial Council of California are "state agencies and are shielded from suit under the Eleventh Amendment"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."); *see also Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) ("[A] state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment."). Moreover, a lawsuit by a private party "seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").

To the extent plaintiff seeks to claim that he is suing defendants in their individual capacities, such claims also cannot stand. Plaintiff asserts various violations of his constitutional

5

rights in the complaint, and surmises that those violations—namely the adverse rulings he received—must be the result of a conspiracy between defendants. *See* ECF No. 1 at 9. However, it is apparent that the crux of plaintiff's claims is his dissatisfaction with the ultimate disposition of the state court matter, and state court judges are absolutely immune from civil liability for damages for acts performed in their judicial capacities. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Even allegations of a conspiracy between a judge and a party "does not pierce the immunity extended to judges . . . [a]s long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Neither can plaintiff attempt to impose liability on defendants Bonta and Brady for acts taken in their roles as the prosecutors who answered plaintiff's petition in the state court matter. A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Khademi v. Att'y Gen. of Cal.*, No. 2:23-CV-2675 KJN-P, 2024 WL 520931, at *2 (E.D. Cal., Feb. 9, 2024) (unless acting outside of official duties, the Attorney General "has absolute immunity").

Furthermore, the complaint cannot proceed because it is barred by the *Rooker-Feldman* doctrine. Plaintiff's allegations boil down to a charge that the superior court and California Court of Appeal committed errors in plaintiff's state court matter, and that plaintiff's civil rights were violated as a result. *See, e.g.*, ECF No. 21 at 10 ("Attorney General's failure to conduct the risk assessment has directly impacted the plaintiff's liberty interests."); ECF No. 1 at 10 ("[T]he ruling violates multiple Constitutional amendments.").

This court, however, does not have jurisdiction to review state court decisions. Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Crt. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). To determine whether the *Rooker-Feldman* doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

Here, plaintiff seeks to invalidate the adverse state court judgment in contravention of this doctrine. *See* ECF No. 1 at 16 (seeking the relief of "fixing the unfair conviction").[2] The question of plaintiff's entitlement to certain procedures, namely a hearing and risk assessment, was the precise issue that was before, and adjudicated by, the state court. *See* ECF No. 12 at 16 (holding "there is no duty. . . . [for the Attorney General] to provide Petitioner with a due process hearing or risk assessment before obeying the statute"). And although plaintiff alleges constitutional injuries over the pendency of the state court action, the *Rooker-Feldman* doctrine bars federal courts from adjudicating claims that seek to redress an injury allegedly resulting from a state court decision, even if the party contends the state judgment violated his or her federal rights. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

---

[2] The complaint does not clarify whether "fixing the unfair conviction" refers to plaintiff's desire to reverse his 1991 criminal conviction, or whether he seeks reversal of the adverse judgment he received in the underlying state court civil action. Regardless, both are improper. *See infra*; *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (Section 1983 claim is not cognizable if it necessarily implies the invalidity of a criminal conviction that has not been invalidated or reversed).

7

At bottom, plaintiff's allegations should be dismissed for failure to state a cognizable claim. The entirety of the complaint is premised on plaintiff's disagreement with the rulings in the state court matter, which is barred on the jurisdictional and immunity grounds discussed above. Plaintiff's inclusion of a chart identifying defendants' law schools and employment histories as support for his allegations that defendants Bonta and Brady "collaborated in a conspiracy to deprive Plaintiff of civil rights," and that defendant Earl conspired to "cover up the woefully inadequate ruling" of defendant Rockwell, ECF No. 1 at 10 & 11, is also insufficient to make out a plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *see also Copple v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 837 (N.D. Cal. 2006) (finding conclusory allegations of conspiracy between an attorney and a judge insufficient to support a § 1983 claim).

Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction and for failure to state a claim. Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend that the dismissal be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

It is hereby ORDERED that plaintiff's motion to compel discovery, ECF No. 28, is denied as moot.

Further, it is RECOMMENDED that:

1. Defendants' motions to dismiss, ECF Nos. 8 & 11, be granted.

2. Plaintiff's complaint be dismissed without leave to amend.

3. Plaintiff's motion for summary judgment, ECF No. 22, be denied as moot.

4. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     November 14, 2024                              _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE