UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. BELCHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, et al.,<br><br>　　　　　Defendants. | Case No.  2:24-cv-00976-DAD-JDP (PS)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u><br><br>(Doc. Nos. 8, 11, 22, 29, 32) |

　　　　Plaintiff, proceeding *pro se*, brought this action against defendants California Attorney General Rob Bonta, California Deputy Attorney General Sebastian Brady, Presiding Justice of the California Court of Appeal for the Third Appellate District Laurie M. Earl, and Sacramento County Superior Court Judge Jennifer Rockwell.  In his complaint, plaintiff asserts that defendants violated his constitutional rights when he was not provided a hearing and risk assessment prior to being required to register as a sex offender under California law.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

　　　　On April 30, 2024, a motion to dismiss the complaint was filed on behalf of defendants Bonta and Brady.  (Doc. No. 8.)  On May 1, 2024, a motion to dismiss the complaint was filed on behalf of defendants Earl and Rockwell.  (Doc. No. 11.)  On July 8, 2024, plaintiff filed a motion for summary judgment.  (Doc. No. 22.)

1       On November 14, 2024, the assigned magistrate judge issued findings and
2  recommendations recommending that the defendants' motions to dismiss be granted and that
3  plaintiff's motion for summary judgment be denied as moot. (Doc. No. 29.) Specifically, the
4  magistrate judge concluded that: 1) plaintiff's claims against all four defendants in their official
5  capacity are barred by the Eleventh Amendment; 2) defendants Earl and Rockwell are entitled to
6  judicial immunity barring plaintiff's individual capacity claims against them; 3) defendants Bonta
7  and Brady are entitled to absolute prosecutorial immunity as to the individual capacity claims
8  brought against them; 4) to the extent plaintiff's claims are an attempt to seek review by this
9  federal court of state court proceedings and decisions, such claims are barred under the *Rooker-*
10 *Feldman* doctrine; 5) plaintiff has failed to state any cognizable claims for relief against the
11 named defendants; 6) ultimately, plaintiff's complaint should be dismissed for lack of jurisdiction
12 and failure to state any cognizable claims; and 7) dismissal should be without leave to amend
13 because amendment would be futile in light of the jurisdictional deficiencies of the complaint.
14 (*Id.* at 4–9.)

15      The pending findings and recommendations were served on the parties and contained
16 notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
17 8.) On November 21, 2024, plaintiff timely filed his objections to the pending findings and
18 recommendations. (Doc. No. 30.) On December 5, 2024, counsel for defendants Bonta and
19 Brady filed a response to those objections. (Doc. No. 31.)[1]

20      In his objections, plaintiff unpersuasively argues the exception to Eleventh Amendment
21 Immunity announced in *Ex parte Young*, 209 U.S. 123 (1908) applies. (Doc. No. 30 at 3.) As
22 counsel for defendants Earl and Brady explain in their response to plaintiff's objections, the *Ex*
23 *parte Young* exception does not apply here. (*See* Doc. No. 31 at 5–6.) Plaintiff also explains in
24 his objections the efforts he has made since his criminal conviction in 1991 "to make amends, to
25 rebuild and to become and asset to [his] community" and describes the good reason he has to seek
26 a risk assessment and hearing in an attempt to continue working in his field of expertise. (Doc.

---

[1] On February 18, 2025, plaintiff filed a request for status. (Doc. No. 32.) That motion will be granted and this order provides the status of the action as of this date.

No. 30 at 2–3, 6.) Although plaintiff's efforts in this regard and his career goals may be commendable, neither they nor the legal arguments he advances in his objections provide any basis for rejecting the detailed and appropriate legal analysis set forth in the findings and recommendations. The relief plaintiff seeks in this action against the named defendants is simply unavailable to him as a matter of law.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued November 14, 2024 (Doc. No. 29), are ADOPTED;
2. Defendants' motions to dismiss, (Doc. Nos. 8, 11), are GRANTED;
3. Plaintiff's complaint (Doc. No. 1) is DISMISSED without leave to amend;
4. Plaintiff's motion for summary judgment, (Doc. No. 22), is DENIED as having been rendered moot by this order;
5. Plaintiff's request for status (Doc. No. 32) is GRANTED; and
6. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **February 20, 2025**

DALE A. DROZD  
UNITED STATES DISTRICT JUDGE